# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

ALLIANT CREDIT UNION,

    Plaintiff,

vs.

ALLIED SOLUTIONS, LLC and PRAETORIAN FINANCIAL SERVICES, INC., d/b/a Praetorian Insurance Company,

    Defendants.

No. 14-CV-1006-LRR

**ORDER**

_____

## I. INTRODUCTION

The matter before the court is Plaintiff Alliant Credit Union's ("Alliant") "Motion to Remand" ("Motion") (docket no. 8).

## II. PROCEDURAL HISTORY

On February 17, 2014, Alliant filed a Petition ("Complaint") (docket no. 3) in the Iowa District Court for Dubuque County, Iowa, Case No. 01311-CVCV-058234, alleging that Defendant Praetorian Financial Services, Inc., d/b/a Praetorian Insurance Company ("Praetorian") breached its insurance contract with Alliant (Count I) and that Defendants Allied Solutions, LLC ("Allied") and Praetorian acted in bad faith when they denied Alliant's claim for insurance benefits (Count II). Alliant requests "payment from [Praetorian] in the amount of the full policy limits, $50,000" and "punitive damages against . . . Allied and Praetorian in the amounts to be determined by the [c]ourt, to reflect both [Alliant's] time and effort to collect on this straightforward insurance claim and [Allied's and Praetorian's] bad faith dealing." Complaint ¶¶ 30-31. Alliant also requests "an award of attorney's fees against . . . Allied and Praetorian in an amount equal to reasonable fees, to be substantiated by [Alliant's] counsel following the conclusion of this matter." *Id.* ¶ 32. On March 25, 2014, Allied removed this action to this court on the

basis of diversity jurisdiction, claiming that the parties were completely diverse and that "[t]he matter in controversy between [Alliant] and [Allied and Praetorian] is an action that exceeds the sum of $75,000, as [Alliant] seeks damages in the amount of $50,000, in addition to seeking punitive damages against [Allied and Praetorian]." Notice of Removal of Action (docket no. 2) at 2. On March 27, 2014, Allied filed an Answer (docket no. 6) denying Alliant's allegations and asserting affirmative defenses.

On April 2, 2014, Alliant filed the Motion. On April 21, 2014, Praetorian filed a "Resistance to Motion to Remand" ("Praetorian's Resistance") (docket no. 9) and stated that it joined Allied in any resistance that it filed. On that same date, Allied filed a "Memorandum of Law in Opposition to [Alliant's] Motion to Remand" ("Allied's Resistance") (docket no. 10). On April 23, 2014, Alliant filed a Reply (docket no. 12).

### III. ANALYSIS

#### A. Parties' Arguments

In the Motion, Alliant argues that "[t]his [c]ourt lacks subject matter jurisdiction over this matter under 28 U.S.C. § 1332(a) because . . . Allied . . . has not met its burden of proof with regard to showing that the amount in controversy exceeds $75,000." Motion at 1. Alliant argues that "Allied's removal cannot be based on mere conclusory allegations as to the amount in controversy," but instead, "Allied must assert facts that establish to a reasonable probability the monetary value of the damages Alliant . . . sought at the time the [Complaint] was filed exceeds $75,000." *Id.* at 2. Alliant states that its "claim for punitive damages does not relieve Allied of its burden of establishing that the amount in controversy exceeds the jurisdictional amount." *Id.*

Praetorian argues that it has met its burden of showing that the amount in controversy exceeds $75,000 and that the proper standard to apply is "whether the [C]omplaint more likely than not alleges a claim exceeding the requisite amount in controversy." Praetorian's Resistance at 1 (quoting *McCorkindale v. Am. Home Assurance*

*Co.*, 909 F. Supp. 646, 653 (N.D. Iowa 1995)) (internal quotation marks omitted). Allied asserts that "[i]f punitive damages are recoverable as a matter of state law and specifically stated in the [C]omplaint, then subject matter jurisdiction is met unless 'it is clear beyond a legal certainty that [Alliant] would under no circumstances be entitled to recover the jurisdictional amount.'" Allied's Resistance at 2 (quoting *Feller v. Hartford Life & Accident Ins. Co.*, 817 F. Supp. 2d 1097, 1099 (S.D. Iowa 2010)) (internal quotation marks omitted). Allied further argues that because "[a] jury could legally award punitive damages of $25,001 against one or both of the defendants . . . Allied has satisfied its burden of proof that the [c]ourt has subject matter jurisdiction based on diversity." *Id.* at 4. Allied argues that it has met its burden because "a fact finder could legally award punitive damages in an amount of $25,001 against one or both of the Defendants, or in excess of $12,501 against each Defendant, without violating due process." *Id.* at 3.

### B. Applicable Law

A defendant may remove from state court to federal court cases over which the federal courts have original jurisdiction. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."); *see also In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) ("A defendant may remove a state law claim to federal court only if the action originally could have been filed there."). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). The Supreme Court has long held that to invoke diversity jurisdiction, complete diversity of citizenship must exist between all plaintiffs and all defendants. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

"[A] party invoking the court's jurisdiction . . . has an obligation to show, by a preponderance of the evidence, facts supporting jurisdiction." *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011). When the basis for federal jurisdiction is diversity of citizenship, "[t]he proponent of diversity jurisdiction has the burden of proving that the amount in controversy exceeds the jurisdictional minimum," and "[w]here the defendant seeks to invoke federal jurisdiction through removal . . . it bears the burden of proving that the jurisdictional threshold is satisfied . . . by a preponderance of the evidence." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009) (quoting *Advance Am. Servicing of Ark., Inc. v. McGinnis*, 526 F.3d 1170, 1173 (8th Cir. 2008)) (internal quotation marks omitted). "This standard applies . . . [when] 'the complaint alleges . . . an amount under the jurisdictional minimum.'" *Id.* (quoting *In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003)). In 2011, Congress codified the preponderance of the evidence standard for determining the amount in controversy when a defendant seeks removal. *See* 28 U.S.C. § 1446(c)(2)(B) ("[R]emoval of the action is proper on the basis of an amount in controversy asserted [by a notice of removal] if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]."). "While 'punitive damages are included in the amount in controversy, the existence of the required amount must be supported by competent proof.'" *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 348 (8th Cir. 2007) (quoting *Larkin v. Brown*, 41 F.3d 387, 388 (8th Cir. 1994)). "It is axiomatic the court's jurisdiction is measured either at the time the action is commenced or . . . at the time of removal." *Schubert*, 649 F.3d at 822. The court is required to resolve all doubts about whether the court has jurisdiction in favor of remand. *Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 923 (8th Cir. 2014).

## C. Application

Because the parties do not dispute whether they are completely diverse[1] as required by 28 U.S.C. § 1332(a), the only issue remaining is whether the amount in controversy exceeds $75,000. The court first notes that the "legal certainty" test that Allied invokes would only apply in this case[2] if the court first found that Allied and Praetorian "established by a preponderance of the evidence that the jurisdictional minimum is satisfied," which would then shift the burden and allow Alliant to remand only if Alliant were able to "establish to a legal certainty that the claim is for less than the requisite amount." *Bell*, 557 F.3d at 956. However, as the parties invoking federal jurisdiction, Defendants must show by a preponderance of the evidence that the amount in controversy actually exceeds $75,000. *See id*; 28 U.S.C. § 1446(c)(2)(B).

The court finds that Allied and Praetorian have failed to show, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Allied argues that it has met its burden because punitive damages are available and "a fact finder could legally award punitive damages in an amount" which would take the amount in controversy over the $75,000 threshold. Allied's Resistance at 3. However, as discussed above, this understates Allied's burden. Allied must satisfy the court, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, and Defendants must support

---

[1] Allied "is a limited liability company organized under the laws of . . . Indiana with its principal place of business . . . [in] South Dakota." Notice of Removal of Action at 1. Praetorian is "a Delaware corporation with its principal place of business in . . . New York." *Id*. Alliant "is a citizen [of] . . . Iowa with its principal place of business . . . [in] Iowa. *Id*.

[2] The legal certainty test also applies in cases where, unlike here, the plaintiff is the proponent of diversity jurisdiction. In such cases, "the amount in controversy controls unless the defendant can establish to a legal certainty that the claim is for less than the jurisdictional minimum." *Bell*, 557 F.3d at 956 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)).

the amount of punitive damages by competent proof. Aside from asserting that a jury could award punitive damages in an amount greater than $25,000 and that such an award would not violate due process, neither Allied nor Praetorian have provided any argument or evidence to show that the amount in controversy exceeds $75,000. This absence of evidence falls far short of the competent proof required to establish that punitive damages bring Alliant's claim over the jurisdictional threshold. Defendants have not requested an evidentiary hearing, and the court may remand without first conducting a hearing on its own motion. *See In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). Given the absence of evidence and the fact that "all doubts about federal jurisdiction must be resolved in favor of remand," *Baker*, 745 F.3d at 923, Defendants have failed to meet their burden.

## IV. CONCLUSION

In light of the foregoing, Alliant Credit Union's "Motion to Remand" (docket no. 8) is **GRANTED**. This matter is **REMANDED** to the Iowa District Court for Dubuque County. The Clerk of Court is directed to take appropriate steps to effectuate such remand.

**IT IS SO ORDERED.**

**DATED** this 21st day of May, 2014.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA